Ingraham, J.
J.The defendant was served with a summons, while attending court in an action pending in this court, in which he was a party and a witness from another State. He now moves to be discharged from such service, and to have the same set aside as irregular.
There is no distinction between the rule of exemption from arrest while attending court, whether as a party or a witness. In such a case, either is entitled to be discharged ; if a citizen or resident of this State, on entering his appearance, and if from a foreign State, absolutely (Arding v. Flower, 8 Term [D. & E.), 534; Norris v. Beach, 2 Johns., 294 ; Bours v. Tuckerman, 7 Id., 538). This exemption applies not only to his actual attendance, but while going to the court and returning home, eundo, morando et redeundo, and applies to those -who attend either with or without a subpoena.
■ A defendant who was a resident of the State was not privileged from having process served on him if not arrested. When discharged from arrest, under the old system, it would be on filing common bail, and after-wards on entering his appearance (Hopkins v. Coburn, 1 Wend., 392). In Norris v. Beach (supra) a foreign witness, attending court, was arrested, and discharged absolutely, without filing common bail, on entering an appearance. .In Sanford v. Chase (3 Cow., 381) it was held that a foreign witness was entitled to be absolutely discharged. The court say : “The privilege of a witness should be absolute. An arrest should not be valid, even for the purpose of giving jurisdiction to the court out oí which the process issues ; more especially where the witness is from a foreign State.”
*72 The privilege of a witness from arrest has been incorporated into the Revised Statutes (2 Rev. Stat., 402, marg., § 51), and requires an absolute discharge from, arrest, and makes such arrest a contempt of court.
In all these cases, however, there was an illegal arrest, and the discharge was from the arrest, and not from any other service. Ho case has been cited, nor do I know of any, in which the service of a summons has been set aside on this ground; and since the Revised Statutes the privilege from arrest has been confined to witnesses attending court after being subpoenaed (Cole v. McClellan, 4 Hill, 59).
I think, also, the defendant is too late in making the motion, even if it were an arrest. The motion must be made at once. By a delay he is considered as waiving his privilege.
Upon both grounds I think the motion must be denied.